UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN WILLIAM WALLACE,<br><br>        Plaintiff,<br><br>  vs.<br><br>UNITED STATES; STATE OF WASHINGTON; BENTON COUNTY SUPERIOR COURT,<br><br>        Defendants. | NO. CV-06-0262-EFS<br><br>**ORDER DENYING PLAINTIFF'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY AND DENYING PLAINTIFF'S MOTION FOR ORDER OF RELEASE AND ENTERING JUDGMENT AGAINST PLAINTIFF** |

    BEFORE THE COURT are Plaintiff John William Wallace's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Ct. Rec. 9) and Motion for an Order of Release (Ct. Rec. 15). Plaintiff filed a document labeled "Complaint" in which Plaintiff references a Benton County Superior Court Case No. 06-1-00683-0 (Ct. Rec. 3). An order in the Benton County case directed Mr. Wallace to undergo psychiatric treatment. Plaintiff is currently confined to Eastern State Hospital for a competency evaluation pending charges in Benton County Superior Court.

    In Plaintiff's Motion for Order of Release, Plaintiff appears to be seeking a default judgment in his pending state court action.

ORDER -- 1

Generally, federal courts will not intervene in pending state court criminal proceedings absent extraordinary circumstances. *Younger v. Harris,* 401 U.S. 37, 53-54 (1971). "A district court should abstain under *Younger* when: (1) there are ongoing state judicial procedings; (2) the proceedings implicate important state interests; and (3) the state proceedings provide the plaintiff with an adequate opportunity to raise federal claims." *Meredith v. Oregon,* 321 F.3d 807, 816 (9th Cir. 2003). Here, Plaintiff is subject to an ongoing state criminal proceeding, Plaintiff appears to face charges of second degree assault, a matter of state interest, and any issues potentially raised by Plaintiff in federal court could be adequately addressed in state court. Thus, all three prongs of *Younger* weigh in favor of abstention.

Because the Court finds abstention proper in this case, Plaintiff must seek redress within the state system. Plaintiff's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Motion for Order of Release are denied and the case is dismissed.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **(Ct. Rec. 9)** is **DENIED**.

2. Plaintiff's Motion for Order of Release **(Ct. Rec. 15)** is **DENIED**.

3. The District Court Executive is ordered to enter judgment against Plaintiff and **CLOSE** this file.

4. Plaintiff is directed not to submit any further filings in this case with the Court with the exception of a notice of appeal if

ORDER -- 2

Plaintiff so chooses, at which time all further filings should be directed to the Ninth Circuit. If Plaintiff files additional documents in this case, with the exception of a notice of appeal, the Clerk's office is directed to return such filings to Plaintiff to be filed with the proper court.

5. All pending motions are **DENIED AS MOOT**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward a copy to Plaintiff.

**DATED** this  29th  day of November 2006.

S/ Edward F. Shea
EDWARD F. SHEA
UNITED STATES DISTRICT JUDGE

Q:\Civil\2006\0262.abstain.wpd

ORDER -- 3